IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELLEY RENEE MICHAELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1181 |
| | ) | Judge Terrence F. McVerry |
| CAROLYN W. COLVIN,[1] ACTING | ) | Magistrate Judge Cynthia Reed Eddy |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff Shelley Renee Michaels ("Michaels") brings this action pursuant to 42 U.S.C. §§

405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of

Social Security ("Commissioner") denying her application for supplemental security income

("SSI") benefits under Title XVI of the Social Security Act ("Act") [42 U.S.C. §§ 1381-1383f].

The matter is presently before the Court on cross-motions for summary judgment filed by the

parties pursuant to Federal Rule of Civil Procedure 56.  ECF Nos. 10 & 13.  For the reasons that

follow, it is respectfully recommended that the Commissioner's decision be vacated, and that the

case be remanded for further consideration of Michaels' application for SSI benefits.

### II.   Procedural History

Michaels protectively applied for SSI benefits on August 24, 2010, alleging that she had

become "disabled" on January 29, 2009.  R. at 55, 88.  Pennsylvania's Bureau of Disability

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, succeeding former
Commissioner Michael J. Astrue.  Social Security History-Social Security Commissioners,
http://www.ssa.gov/history/commissioners.html (as visited on March 26, 2013).  Consequently, Acting
Commissioner Colvin is now the official-capacity defendant in this action.  *Hafer v. Melo*, 502 U.S. 21, 25, 112
S.Ct. 358, 116 L.Ed.2d 301 (1991); FED. R. CIV. P. 25(d).

Determination ("Bureau") denied the application on October 14, 2010. R. at 24. Michaels responded on October 26, 2010, by filing a timely request for an administrative hearing. R. at 29. In so doing, however, she stated that she did not wish to appear in person. R. at 30. In a letter dated November 1, 2010, Administrative Law Judge ("ALJ") David Hatfield informed Michaels that it would be to her benefit "to appear and testify at a hearing." R. at 32. Nine days later, Michaels reiterated her desire to avoid appearing for a hearing and "request[ed] that a decision be made based on the evidence of record." R. at 32. In a written decision dated February 2, 2011, the ALJ determined that Michaels was not "disabled" within the meaning of the Act. R. at 6-17.

On February 28, 2011, Michaels sought administrative review of the ALJ's decision by filing a request for review with the Appeals Council. R. at 36. The Appeals Council denied the request for review on June 22, 2012, thereby making the ALJ's decision the "final decision" of the Commissioner in this case. R. at 1. Michaels commenced this action on August 17, 2012, seeking judicial review of the Commissioner's decision. ECF Nos. 1-3. Michaels and the Commissioner filed motions for summary judgment on February 6, 2013, and March 8, 2013, respectively. ECF Nos. 10 & 13. These motions are the subject of this report and recommendation, which is being filed pursuant to 28 U.S.C. § 636(b)(1)(C).

## III.    Standard of Review

This Court's review is plenary with respect to all questions of law. *Schaudeck v. Commissioner of Social Security Administration*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision

or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)(internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v.*

3

*Secretary of Health, Education & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative

law judge must consider all medical evidence contained in the record and provide adequate

explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d

955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively-delegated

rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose

of determining whether a claimant is "disabled" within the meaning of the Act. The United

States Supreme Court recently summarized this process by stating as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will
> not review the claim further. At the first step, the agency will find non-disability
> unless the claimant shows that he is not working at a "substantial gainful
> activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find
> non-disability unless the claimant shows that he has a "severe impairment,"
> defined as "any impairment or combination of impairments which significantly
> limits [the claimant's] physical or mental ability to do basic work activities." §§
> 404.1520(c), 416.920(c). At step three, the agency determines whether the
> impairment which enabled the claimant to survive step two is on the list of
> impairments presumed severe enough to render one disabled; if so, the claimant
> qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the
> list, the inquiry proceeds to step four, at which the SSA assesses whether the
> claimant can do his previous work; unless he shows that he cannot, he is
> determined not to be disabled. If the claimant survives the fourth stage, the fifth,
> and final, step requires the SSA to consider so-called "vocational factors" (the
> claimant's age, education, and past work experience), and to determine whether
> the claimant is capable of performing other jobs existing in significant numbers in
> the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)(footnotes

omitted). Factual findings pertaining to all steps of the sequential evaluation process are subject

to judicial review under the "substantial evidence" standard. *McCrea v. Commissioner of Social

Security*, 370 F.3d 357, 360-361 (3d Cir. 2004).

In an action in which review of an administrative determination is sought, the agency's

decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196. The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. *Cefalu v. Barnhart*, 387 F.Supp.2d 486, 491 (W.D.Pa. 2005).

## IV.    The ALJ's Decision

In his decision, the ALJ determined that Michaels had not engaged in substantial gainful activity subsequent to her alleged onset date. R. at 11. Michaels was found to be suffering from fibromyalgia, an osteochondral lesion on her right talus, obesity, and anxiety. R. at 11. Her fibromyalgia, osteochondral lesion and obesity were deemed to be "severe" under the Commissioner's regulations, while her anxiety was deemed to be "non-severe." R. at 11-12; 20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c). It was determined that Michaels' impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 12-13. In accordance with 20 C.F.R. § 416.945, the ALJ concluded that Michaels had the

"residual functional capacity"[2] to perform a full range of "light"[3] work. R. at 13. The record contained no evidence of "past relevant work"[4] experience. R. at 16.

Michaels was born on February 21, 1970, making her forty years old on the date of her application. R. at 16. She was classified as a "younger person" under the Commissioner's regulations. 20 C.F.R. § 416.963(c). She had a high school education[5] and an ability to communicate in English. R. at 16, 78; 20 C.F.R. § 416.964(b)(4)-(5). Given the applicable residual functional capacity and vocational assessments, the ALJ ascertained that a finding of "not disabled" was directed by Medical-Vocational Rule 202.20. R. at 16-17.

## V.    Discussion

Neither party challenges the Court's subject-matter jurisdiction to entertain this action. ECF Nos. 11 & 14. Such an omission, however, could not justify an exercise of jurisdiction under circumstances not authorized by Congress. Since a federal court's lack of subject-matter jurisdiction "can never be waived or forfeited," jurisdictional issues that "the parties have disclaimed or have not presented" must be considered *sua sponte. Gonzalez v. Thaler*, ___U.S.___, ___, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012).

Title XVI requires the Commissioner to "provide reasonable notice and opportunity for a hearing" to any individual who "is in disagreement with any determination" concerning his or

---

[2] The term "residual functional capacity" is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." *Hartranft v. Apfel*, 181 F.3d 358, 359, n. 1 (3d Cir. 1999)(parentheses omitted), citing 20 C.F.R. § 404.1545(a). The same residual functional capacity assessment is used at the fourth and fifth steps of the sequential evaluation process. 20 C.F.R. §§ 404.1545(a)(5)(i)-(ii), 416.945(a)(5)(i)-(ii).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[4] "Past relevant work" is defined as "substantial gainful activity" performed by a claimant within the last fifteen years that lasted long enough for him or her to learn how to do it. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). The Commissioner has promulgated comprehensive regulations governing the determination as to whether a claimant's work activity constitutes "substantial gainful activity." 20 C.F.R. §§ 404.1571-404.1576, 416.971-416.976.

[5] Michaels obtained her General Educational Development ("GED") certification in June 1987. R. at 78.

6

her eligibility for benefits, provided that the individual "requests a hearing on the matter in disagreement within sixty days after notice of such determination is received." 42 U.S.C. § 1383(c)(1)(A). After conducting such a hearing, the Commissioner must "affirm, modify, or reverse" the challenged determination "on the basis of evidence adduced at the hearing." *Id.* The statutory provision authorizing judicial review is codified at 42 U.S.C. § 1383(c)(3), which provides:

> The final determination of the Commissioner of Social Security *after a hearing* under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

42 U.S.C. § 1383(c)(3)(emphasis added). This statutory provision incorporates the first sentence of 42 U.S.C. § 405(g), which authorizes judicial review of a "final decision of the Commissioner of Social Security made *after a hearing* to which [the claimant] was a party." 42 U.S.C. § 405(g)(emphasis added). Also relevant to the analysis is 42 U.S.C. § 405(h), which provides:

> The findings and decisions of the Commissioner of Social Security *after a hearing* shall be binding upon all individuals who were *parties to such hearing*. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code [28 U.S.C. § 1331 or 1346], to recover on any claim arising under this title [42 U.S.C. § 401 *et seq.*].

42 U.S.C. § 405(h). These statutes clearly limit judicial review to "a particular type of agency action" constituting a "final determination" or a "final decision" made "after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Furthermore, they provide "[t]he only avenue for judicial review" available to a claimant whose application for

benefits has been denied. *Mathews v. Eldridge*, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

In the absence of a "final determination" or a "final decision," a federal court has no jurisdiction to entertain a claimant's request for judicial review. *Bacon v. Sullivan*, 969 F.2d 1517, 1519-1521 (3d Cir. 1992). That jurisdictional prerequisite has been satisfied. When the Appeals Council denied Michaels' request for review, the ALJ's decision became the "final decision" of the Commissioner in this case. *Sims v. Apfel*, 530 U.S. 103, 106-107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); 20 C.F.R. § 416.1455. The more difficult question is whether that decision qualifies as a "final determination of the Commissioner of Social Security *after a hearing*." 42 U.S.C. § 1383(c)(3)(emphasis added). Although Michaels formally requested a "hearing" for the purpose of challenging the Bureau's decision, she waived her right to appear before the ALJ. R. at 29-30. When the ALJ recommended that Michaels "appear and testify at a hearing," Michaels again declined to appear. R. at 32-34. In a handwritten statement, Michaels stated that she was too preoccupied with her children and "health issues" to testify in person. R. at 33. There is nothing in the record which suggests that the ALJ conducted a hearing in Michaels' absence. *Granberg v. Bowen*, 716 F.Supp. 874, 875-878 (W.D.Pa. 1989)(finding the "hearing" element to be satisfied even though no attorney or witnesses had appeared on the claimant's behalf). The relevant question is whether the lack of a "hearing" before the issuance of the ALJ's decision deprives the Court of jurisdiction to entertain Michaels' challenge to that decision. *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999).

Since Michaels declined to appear for a hearing, the ALJ decided her case pursuant to 20 C.F.R. § 416.1448(b). R. at 9. That regulation provides:

> (b) *Parties do not wish to appear.* (1) The administrative law judge may decide a case on the record and not conduct an *oral hearing* if—

8

(i) You and all the parties indicate in writing that you do not wish to appear before the administrative law judge at an *oral hearing*; or
(ii) You live outside the United States, you do not inform us that you wish to appear, and there are no other parties who wish to appear.
(2) When an *oral hearing* is not held, the administrative law judge shall make a record of the material evidence. The record will include the applications, written statements, certificates, reports, affidavits, and other documents which were used in making the determination under review and any additional evidence you or any other *party to the hearing* present in writing. The decision of the administrative law judge must be based on this record.

20 C.F.R. § 416.1448(b)(emphasis added). The language of § 416.1448(b) appears to characterize a claimant as a "party to the hearing" even if no "oral hearing" is conducted. The Commissioner has apparently construed the word "hearing" broadly enough to include an administrative law judge's receipt of documentary evidence. The reasoning employed by the Supreme Court in *Weinberger v. Salfi*, 422 U.S. 749, 767, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), suggests that the Commissioner's construction of the statutory language is controlling for purposes of subject-matter jurisdiction. Accordingly, the ALJ's decision denying Michaels' application for SSI benefits constituted a "final determination of the Commissioner of Social Security after a hearing" even though no "oral hearing" was held. 42 U.S.C. § 1383(c)(3). The Court has jurisdiction to entertain Michaels' challenge to that "final determination." *Salfi*, 422 U.S. at 767.

Michaels protectively applied for SSI benefits on August 24, 2010. R. at 9, 88. When she filed her application, Michaels listed January 29, 2009, as her alleged onset date. R. at 55. SSI benefits are not available for the period of time preceding a claimant's application. 20 C.F.R. § 416.335. Consequently, the instant case concerns only the five-month period beginning on the date of Michaels' application and ending on the date of the ALJ's decision. R. at 17.

Michaels argues that the ALJ erred in failing to adequately develop the administrative record. ECF No. 11 at 9-11. Specifically, she maintains that the ALJ should have gone to greater lengths to secure an "adequate waiver of counsel." *Id.* at 9-10. This argument is without merit. The Bureau's communication concerning the initial denial of Michaels' application contained a notice discussing the availability of "free legal services" for qualified applicants. R. at 27. When Michaels waived her right to appear for an oral hearing, she was made aware of her concomitant "right to be represented." R. at 29. After the ALJ recommended that an oral hearing be conducted, Michaels again acknowledged that she was waiving her right to legal representation by declining to appear. R. at 34. Although the ALJ had a duty to develop the administrative record, he was not required to act as Michaels' counsel. *Musgrave v. Sullivan*, 966 F.2d 1371, 1377 (10th Cir. 1992). In light of her refusal to appear for an oral hearing, Michaels has only herself to blame for the undeveloped state of the record.

At the second step of the sequential evaluation process, the ALJ concluded that Michaels' anxiety was a "non-severe" impairment. R. at 11-12. Michaels takes issue with that determination. She insists that the question of severity should have been resolved in her favor.[6] *Id.* at 12. The documentary record indicates that, during the relevant period of time, medications were prescribed to alleviate Michaels' anxiety. R. at 119. These prescriptions appear to be the evidentiary basis for Michaels' challenge to the ALJ's step-two finding. ECF No. 11 at 11.

The assessment of a claimant's residual functional capacity accounts for any improvements in his or her condition attributable to medications. *Jackson v. Heckler*, 580 F.Supp. 1077, 1079 (E.D.Pa. 1984)(remarking that an impairment "is not disabling under the

---

[6] Because the second step of the sequential evaluation process is "to be rarely utilized as [a] basis for the denial of benefits," its invocation *for that purpose* "is certain to raise a judicial eyebrow." *McCrea v. Commissioner of Social Security*, 370 F.3d 357, 361 (3d Cir. 2004). Since Michaels' other impairments were deemed to be "severe," the determination relating to her anxiety was inconsequential. *Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987).

Social Security Act" if it "can be remedied by medication or treatment"). For this reason, a finding of severity does not inevitably flow from the fact that Michaels' anxiety necessitated the provision of medical treatment. Dr. Douglas Schiller, a non-examining psychological consultant, opined on October 7, 2010, that Michaels did not have a "severe" mental impairment. R. at 273-285. The ALJ relied on Dr. Schiller's assessment in determining that Michaels' anxiety was not "severe." R. at 11-12. As the patient seeking treatment, Michaels was in the best position to provide information about her own medical condition. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Since Michaels did not appear for a hearing, the ALJ never had a chance to make further inquiries. *Reefer v. Barnhart*, 326 F.3d 376, 380-381 (3d Cir. 2003)(recognizing the responsibility of an administrative law judge to elicit testimony from an unrepresented claimant about the degree to which established impairments affect his or her ability to work). The probative value of any medical opinion must be judged in relation to the evidentiary record as a whole. *Miller v. Commissioner of Social Security*, 172 F.3d 303, 304 (3d Cir. 1999). Given that Dr. Schiller's opinion was uncontradicted, it was clearly sufficient to support the ALJ's conclusion relating to Michaels' anxiety. *Brown v. Astrue*, 649 F.3d 193, 196-197 (3d Cir. 2011); *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991).

At the fifth step of the sequential evaluation process, "the Commissioner bears the burden of proving that, considering the claimant's residual functional capacity, age, education, and past work experience, [he or] she can perform work that exists in significant numbers in the regional or national economy." *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2003). This burden can be satisfied by reference to the Medical-Vocational Rules[7] when the claimant's residual functional capacity is shared by a large class of individuals. *Heckler v. Campbell*, 461 U.S. 458, 467-470, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Where the claimant has a unique combination of

---

[7] The Medical-Vocational Rules are listed in 20 C.F.R. Part 404, Subpart P, Appendix 2.

functional limitations, the Commissioner can satisfy her burden only by establishing the existence of jobs in the national economy that are consistent with the claimant's specific capabilities and restrictions. *Sykes v. Apfel*, 228 F.3d 259, 273 (3d Cir. 2000). The testimony of a vocational expert is commonly used to establish the existence of such jobs.[8] *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005). A claimant who has both exertional and non-exertional limitations cannot be denied benefits solely on the basis of the Medical-Vocational Rules. *Burnam v. Schweiker*, 682 F.2d 456, 458 (3d Cir. 1982). Michaels asserts that the ALJ erred in determining that she was capable of performing an unrestricted range of "light" work. ECF No. 11 at 13-15. She goes on to argue that this error led the ALJ to improperly deny her application on the basis of Rule 202.20. *Id.* at 15-17.

Dr. Reynaldo M. Torio, a non-examining medical consultant, reported on October 7, 2010, that Michaels was physically capable of performing a range of "light" work involving only occasional climbing, balancing, crouching or crawling. R. at 286-292. With respect to the activity of climbing, Dr. Torio further explained that Michaels could "never" perform work on ropes or scaffolds. R. at 288. In his decision, the ALJ incorrectly stated that Dr. Torio had found Michaels to be "capable of performing a full range of light work." R. at 16. This statement failed to account for the postural limitations identified by Dr. Torio. Under the Commissioner's regulations, postural limitations are classified as "non-exertional" limitations. 20 C.F.R. § 416.969a(c)(vi). Had those limitations been incorporated into the assessment of Michaels' residual functional capacity, Rule 202.20 could not have been invoked as a basis for denying her claim. *Burnam*, 682 F.2d at 458.

---

[8] In limited circumstances, the Commissioner may be able to satisfy her burden by relying on a Social Security Ruling that clearly speaks to the situation presented. *Allen v. Barnhart*, 417 F.3d 396, 407 (3d Cir. 2005).

A decision denying a claimant's application for benefits is not supported by substantial evidence if it is based on a mischaracterization of the evidentiary record. *Brownawell v. Commissioner of Social Security*, 554 F.3d 352, 357 (3d Cir. 2008). Because the ALJ misstated the findings of Dr. Torio, his assessment of Michaels' residual functional capacity cannot stand. R. at 12-16. The fact that the ALJ placed some reliance on treatment notes submitted by Michaels' treating physicians does not change the calculus. R. at 14-16. An administrative law judge lacks the expertise to translate raw medical data into specific functional limitations. *Rivera-Torres v. Secretary of Health & Human Services*, 837 F.2d 4, 6-7 (1st Cir. 1988); *Barton v. Astrue*, 549 F.Supp.2d 1106, 1122-1123 (E.D.Mo. 2008); *Brown v. Barnhart*, 285 F.Supp.2d 919, 931-933 (S.D.Tex. 2003); *Woodford v. Apfel*, 93 F.Supp.2d 521, 529 (S.D.N.Y. 2000); *Gathright v. Shalala*, 872 F.Supp. 893, 898 (D.N.M. 1993). Since no physician specifically opined that Michaels was capable of performing a *full range* of "light" work, Rule 202.20 was improperly applied to her claim. *Doak v. Heckler*, 790 F.2d 26, 27-29 (3d Cir. 1986).

An immediate award of benefits is justified only where "the evidentiary record has been fully developed," and where "the evidence as a whole clearly points in favor of a finding that the claimant is statutorily disabled." *Ambrosini v. Astrue*, 727 F.Supp.2d 414, 432 (W.D.Pa. 2010). That standard is clearly not satisfied in this case. Due to Michaels' decision not to appear for a hearing, the record is devoid of testimonial evidence. The fact that her own conduct contributed to the delays caused by further administrative proceedings weighs strongly against an award of benefits. *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000)(awarding benefits in a case in which delays had been "caused by deficiencies that [we]re not attributable to any error of the claimant"). Michaels' treating physicians did not submit medical source statements detailing her abilities and limitations. The procurement of such information was her responsibility. *Her v.*

*Commissioner of Social Security*, 203 F.3d 388, 391-392 (6th Cir. 1999). Dr. Torio found

Michaels to be capable of performing a range of "light" work with postural restrictions. R. at

286-292. Although that assessment did not support the ALJ's decision to apply Rule 202.20, it

did not necessarily require a determination that Michaels was "disabled." The availability of

jobs in the national economy consistent with the abilities and limitations reflected in Dr. Torio's

assessment would have to be established by the testimony of a vocational expert. *Ramirez v.

Barnhart*, 372 F.3d 546, 552-555 (3d Cir. 2004). Consequently, the proper remedy in this case is

a remand to the Commissioner for further development of the record.

## VI.     Conclusion

For the foregoing reasons, it is respectfully recommended that the Commissioner's

motion for summary judgment [ECF No. 13] be denied, and that Michaels' motion for summary

judgment [ECF No. 10] be denied to the extent that it requests an award of benefits but granted

to the extent that it seeks a vacation of the Commissioner's decision, and a remand for further

proceedings. It is likewise recommended that the decision denying Michaels' application for SSI

benefits be vacated, and that the case be remanded to the Commissioner for further consideration

of that application. In accordance with 28 U.S.C. § 636(b)(1), the parties have fourteen days to

file written objections to this report and recommendation. A party's failure to file written

objections will seriously impair her ability to challenge this Court's legal conclusions on appeal.

*Brightwell v. Lehman*, 637 F.3d 187, 193, n. 7 (3d Cir. 2011).

4/1/2013

Cynthia Reed Eddy
United States Magistrate Judge


cc:    All counsel of record